RECEIVED
IN LAKE CHARLES, LA
JUL - 6 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. CR 02-20080-01 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ANTHONY JOHNSON | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a § 2255 motion to vacate, set aside or correct sentence filed by Defendant, Anthony Johnson [doc. #26]. The government has responded and the motion is ready to be decided.

## PROCEDURAL AND FACTUAL HISTORY

On November 6, 2002, pursuant to a written plea agreement the defendant pleaded guilty to Count One of a two-count indictment. Count One charged Johnson with bank robbery in violation of 18 U.S.C. § 2113(a). Count two, brandishing a firearm in violation of 18 U.S.C. 924(c)(1), was dismissed as part of the plea bargain.

The factual stipulation filed at the time of the guilty plea indicates that on April 24, 2001, Johnson robbed the Sabine State Bank and Trust Company in Merryville, Louisiana. He brandished a gun at two tellers, demanded money and left the bank with $13,724.00. On February 4, 2003, Johnson was sentenced to 78 months imprisonment followed by five years of supervised release. The judgment was entered on February 5, 2003.

Johnson has filed the instant motion complaining that his "Sixth Amendment right to jury

determining guilt beyond a reasonable doubt was violated when [his sentence] was enhanced 5 points for a gun."

## LAW AND ANALYSIS

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.[1] "[A] 'collateral challenge may not do service for an appeal.' "[2] A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."[3] The 28 U.S.C. §§ 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal.[4] The only exception to the cause and prejudice test is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent."[5] There is no evidence in the case at bar of actual innocence.

*Johnson's motion is not timely*

A one year period of limitation applies to § 2255 motions. 28 U.S.C. 2255 provides the following pertinent language:

> A 1-year period of limitation shall apply to a motion under this

---

[1] *United States v. Vaughan*, 955 F.2d 367, 368 (5th Cir. 1992).

[2] *United States v. Said*, 937 F.2d 228, 231 (5th Cir. 1991)(*en banc*).

[3] *Said*, 937 F.2d at 232.

[4] *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992).

[5] *Id.*

2

section. The limitation period shall run from the latest of –
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Johnson's judgment was entered on February 5, 2003, and became final ten days after it was entered. For purposes of filing a § 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed."[6] Johnson has not argued, nor is there any indication that Johnson's case prescribed within any other time period other than one (1) year from the date on which the judgment of conviction became final. The judgment of conviction was entered on February 5, 2003. Johnson filed the instant motion on April 7, 2005. Thus, the motion is untimely.

*Regardless, Booker does not apply retroactively to cases on collateral review*

Even though this Court has concluded that Johnson's § 2255 motion is untimely, the Court further concludes that Johnson is not entitled to relief under *United States v. Booker.*[7] In *Booker*, the United States Supreme Court held that the Sixth Amendment right to trial by jury is violated under a mandatory guidelines system if a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. The

---

[6] *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000).

[7] __ U.S. __, 125 S.Ct. 738, Nos. 04-104, 04-105, 2005 WL 50108 (Jan. 12, 2005).

3

Supreme Court decided that the remedy was to render the guidelines advisory rather than mandatory.

However, the United States Court of Appeals for the Fifth Circuit has recently held that *Booker* is not applicable retroactively to cases on collateral review.[8] Hence, Johnson is not entitled to relief.

## CONCLUSION

Based on the foregoing, the motion to vacate, set aside or correct sentence filed by Defendant Anthony Johnson will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6 day of June, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[8] *In re Elwood*, __ F.3d __, No. 05-30269, 2005 WL 976998 (5th Cir. April 28, 2005).